**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MICHAEL D. DARLING,

                        Plaintiff,

    v.                                                 5:25-cv-0181 (AMN/TWD)

FACEBOOK (META),

                        Defendant.

---

**APPEARANCES:**                                      **OF COUNSEL:**

**MICHAEL D. DARLING**
24-B-0396
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021
Plaintiff, *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

**I.    INTRODUCTION**

On February 10, 2025, Plaintiff *pro se* Michael D. Darling ("Plaintiff") filed a complaint against Facebook ("Defendant") related to certain posts in the Facebook group "Justice for Kristine." Dkt. No. 1 ("Complaint"). Plaintiff sought and received leave to proceed *in forma pauperis*. Dkt. Nos. 2, 5, 6, 9.

This matter was referred to United States Magistrate Thérèse Wiley Dancks, who reviewed the Complaint pursuant to 28 U.S.C. § 1915(e) and, on May 27, 2025, recommended that the Complaint be dismissed without prejudice and with leave to amend. Dkt. No. 9 ("Report-Recommendation"). Magistrate Judge Dancks advised that pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the

Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 10.[1] Plaintiff filed objections on June 9, 2025. Dkt. No. 10.

For the reasons set forth below, the Court rejects Plaintiff's objections and adopts the Report-Recommendation in its entirety.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b) advisory committee's notes to 1983 addition). Similarly, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir*, No. 08-cv-322, 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim); *Petersen*, 2 F. Supp. 3d at 228–29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no

---

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III.    DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which no party has raised a specific objection, finding no clear error therein, including the background and the legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision.

Plaintiff is in custody following a conviction for manslaughter in the first degree. *See* https://nysdoccslookup.doccs.ny.gov/ (site last visited on July 1, 2025).[2] Construed liberally, the Complaint asserts that certain posts on the "Justice for Kristine" Facebook page reveal that a District Attorney involved in Plaintiff's case had improper contact with a potential witness and the public during his prosecution. *See* Dkt. No. 1; Dkt. No. 10 at 3. Facebook is the only Defendant listed in the Complaint, and Plaintiff lists "subpoena duces tecum" as the legal basis for his claims. *Id.* at 1.

The Report-Recommendation recommends dismissal of the Complaint for failure to state a claim based on three findings. Dkt. No. 9. First, the Complaint improperly asserts that private actors violated Plaintiff's constitutional rights without allegations of state action. *Id.* at 5-6 (citing in part *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 186 (2d Cir. 2005)). Second, portions of the Complaint seek to impose civil liability based on violations of criminal law. *Id.* at 6-7 (citing in part *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Third, to the extent the Complaint seeks to collaterally attack Plaintiff's criminal conviction, it is improper. *Id.* at 7-8 (citing in part *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).

In his objections, Plaintiff argues that the Report-Recommendation incorrectly interpreted the Complaint to assert causes of action against Facebook. Plaintiff instead asserts that he "never stated that Facebook (Meta) violated any of his rights" but that he "has stated that the STATE DA and one other violated his rights." Dkt. No. 10 at 2. He argues that the documents he seeks "would prove malicious intent" and "would prove witness tampering and obstruction of justice." *Id.* He seeks the Facebook documents to prove "prosecutor misconduct . . . to the appellate div[ision]"

---

[2] *See, e.g., Opperisano v. P.O. Jones*, 286 F. Supp. 3d 450, 453 (E.D.N.Y. 2018) ("The Court may take judicial notice of Plaintiff's DOCCS inmate lookup information . . . .").

and to "use[] [the documents] in his appeal." *Id.* at 3-4. Indeed, Plaintiff admits he first sought the instant subpoena through "[h]is current appeals attorney[.]" *Id.* at 3. The Court reviews Plaintiff's objections *de novo*.

First, liberally construed, Plaintiff's submission appears to argue that the Report-Recommendation ignored malicious prosecution and fair trial claims against the District Attorney and another individual. But the Complaint makes no allegations of any factual specificity related to Plaintiff's criminal prosecution or the evidence presented therein. *See* Dkt. No. 1 at 4. Additionally, malicious prosecution claims are impermissible unless there was a "termination of the proceeding in plaintiff's favor." *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010). Similarly, a fair trial claim may only proceed where "a criminal conviction has been invalidated or a criminal prosecution has been terminated in the criminal defendant's favor[.]" *Smalls v. Collins*, 10 F.4th 117, 139 (2d Cir. 2021). The Complaint fails to allege that such conditions are met. Therefore, dismissal remains appropriate regardless of whether the Complaint asserts malicious prosecution and fair trial claims.

Second, Plaintiff's objections make clear that he seeks to use this case to strengthen the appeal of his criminal conviction by bolstering claims of prosecutorial misconduct. Dkt. No. 10 at 3-4. Undoubtedly, a civil case premised on such claims "would render [his] conviction or sentence invalid" if successful. *Heck*, 512 U.S. at 486. Therefore, Magistrate Judge Dancks correctly found that dismissal was warranted. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

5

Third, Plaintiff doubles down on his allegations that the District Attorney and another individual engaged in witness tampering and obstruction of justice. But as Magistrate Judge Dancks noted, such claims are barred because there are no analogous civil causes of action. *See Slaughter v. Mahar*, 5:19-CV-305 (DNH/TWD), 2019 WL 3454192, at *1 (N.D.N.Y. July 31, 2019) (finding "federal criminal law provides no private right of action" for a civil witness tampering claim); *Brown v. State Farm Fire and Casualty Co.*, No. 3:11cv1435(JBA), 2013 WL 951726, at *3 n.2 (D. Conn. Mar. 12, 2013) ("[O]bstruction of justice is a criminal charge that does not provide a private cause of action." (quotation omitted)).

Finally, Plaintiff may be understood to argue that he does not assert a cause of action *at all*, but instead, merely seeks a subpoena duces tecum to retrieve certain posts in the "Justice for Kristine" Facebook page. Dkt. No. 10 at 2-4. Indeed, Plaintiff claims he repeatedly requested the forms for a subpoena duces tecum but was given the forms for filing a complaint instead. *Id.* But generally, an individual may not seek discovery in the absence of an underlying case or claim. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . ."); Fed. R. Civ. P. 45(a)(1)(A)(ii) (requiring that a subpoena duces tecum "state the title of the action and its civil-action number"). Prior to seeking a subpoena duces tecum, Plaintiff must file a complaint against the individuals and/or entities he claims violated his rights. For the reasons stated by Magistrate Judge Dancks and explained in this order, the Complaint filed with this Court does not state a viable claim, and thus, the request for a subpoena duces tecum must also be denied as moot. *See Green v. NBC Universal Media LLC*, 22-CV-0239 (LTS), 2022 WL 1003904, at *3 (S.D.N.Y. Apr. 4, 2022) (finding where a "complaint is dismissed as frivolous" an accompanying request for a subpoena should be "denied as moot").

Accordingly, the Report-Recommendation is adopted in its entirety.

IV.    **CONCLUSION**

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 9, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED with leave to amend**;[3] and the Court further

**ORDERS** that any amended complaint must be filed within **thirty (30) days** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff files a timely amended complaint, it shall be referred to Magistrate Judge Dancks for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.[4]

**IT IS SO ORDERED.**

Dated: July 1, 2025
Albany, New York

_____
Anne M. Nardacci
U.S. District Judge

---

[3] As set forth in the Report-Recommendation, any amended pleading must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Dkt. No. 9 at 9.

[4] The Clerk shall also provide Plaintiff with copies of all unreported decisions herein.